UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THALES ALENIA SPACE FRANCE,

                      Plaintiff,

- against -

THERMO FUNDING COMPANY, LLC,

                      Defendant.



ECF Case

13 Civ. 712 (SAS) (JCF)

[PROPOSED] SCHEDULING ORDER

WHEREAS, on November 12, 2013, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) (the "Order"); and

WHEREAS, the Court's Individual Rules and Procedures require the parties to prepare and submit a Proposed Scheduling Order for the Conference;

NOW, THEREFORE, the parties hereby submit the following information as required by the Order and the Court's Individual Rules and Procedures:

(1) **The Conference**

The date of the Conference is December 2, 2013, by teleconference. The appearances of the parties are:

    (a)    Elliot E. Polebaum and Eugene N. Hansen of Fried, Frank, Harris, Shriver & Jacobson, LLP, on behalf of Plaintiff Thales Alenia Space France ("Thales");

    (b)    Gerald S. Greenberg and Trenton A. Hamilton of Taft Stettinius & Hollister LLP, on behalf of Defendant Thermo Funding Company, LLC ("Thermo Funding").

**(2) Initial Disclosures**

The parties shall exchange Initial Disclosures pursuant to Fed. R. Civ. P. 26(a) on or before December 16, 2013.

**(3) Concise Statement of the Issues**

This is a breach of contract action.

Thales contends that as part of a Settlement Agreement executed by and among Thales, Thermo Funding, and Globalstar, Inc. ("Globalstar"), Thermo Funding agreed to pay Thales the sum of $12,500,000 no later than December 31, 2012. Thermo Funding did not make this payment by December 31, 2012, and has not made the payment as of present. Thales contends that Thermo Funding's failure to make this payment constitutes a breach of the Settlement Agreement and that Thermo Funding has no defense to refuse payment. The Court previously decided that the Complaint alleges consideration for Thermo Funding's promise to pay Thales the $12,500,000. Judgment may be issued on the pleadings because Thermo Funding's Answer admits, *inter alia*, that (i) Thermo Funding has not paid the $12,500,000 due and owing under the Settlement Agreement, (ii) the Settlement Agreement attached to the Amended Complaint as Exhibit A is an authentic copy, and (iii) an authorized Thermo Funding representative signed the Settlement Agreement.

Thermo Funding contends that it owes nothing to Thales pursuant to the Settlement Agreement, because the Settlement Agreement is unenforceable against Thermo Funding for lack of any consideration to or from Thermo Funding. Although Thales and Globalstar made new and enforceable promises as to each other in the Settlement Agreement, neither Thales nor Thermo Funding exchanged any new consideration. Instead, Thermo Funding merely reiterated

its preexisting duty under an earlier agreement and received nothing in exchange from Thales. The absence of any consideration renders the Settlement Agreement unenforceable against Thermo Funding, which in turn defeats both Thales' claim for breach of contract and this Court's personal jurisdiction over Thermo Funding.

(4) **Proposed Schedule**

Thales proposes to file a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings. Thales's motion and opening brief shall be due December 18, 2013. Thermo Funding's brief in opposition shall be due January 8, 2014. Any reply brief shall be due January 15, 2014. The parties may conduct document discovery now and during the pendency of the motion for judgment on the pleadings, as well as issue interrogatories and requests for admissions. However, to eliminate any unnecessary costs in the event that depositions shall become unnecessary by the Court's decision on Thales's Rule 12(c) motion for judgment on the pleadings, the parties shall defer the taking of depositions as set forth below.

    (a) *The following individuals may be deposed*:

- By Thales:
    - James Monroe, III
    - Tim Taylor
    - Barbee Ponder
- By Thermo Funding:
    - Reynald Seznec
    - Daniel Kleim
    - Evrard Decourcelle

3

- Marc Borello
- Blaise Jaeger

The depositions will be on a rolling basis, to commence after a decision on Thales's Rule 12(c) motion for judgment on the pleadings and only if the decision is not to enter judgment in favor of Thales. However, if the Court's decision on Thales's Rule 12(c) motion for judgment on the pleadings has not issued by March 21, 2014, then the parties may commence the taking of depositions at that time. Thales proposes that the parties complete all depositions and discovery by April 18, 2014 [May 16, 2014]. Thermo Funding proposes that the parties complete all depositions and discovery by June 16, 2014. The parties reserve the right to depose additional individuals based on discovery and Initial Disclosures.

(b) *Document Production*: All document discovery shall be completed no later than April 18, 2013 [MAR 21, 2014], and any document discovery requests shall be issued no later than March 3, 2013 [Feb. 7, 2014].

(c) *Expert Reports and Depositions*: The parties do not anticipate any expert testimony.

(d) *Completion of Discovery*: Thales proposes that the close of all discovery shall be April 18, 2014. Thermo Funding proposes that the close of all discovery shall be June 16, 2014.

(e) *Pretrial Order Matters*: If the case is not resolved on the basis of Thales's Rule 12(c) motion, the parties anticipate filing motions for summary judgment. ~~Thales proposes that all such dispositive motions must be filed no later than May 2, 2014. Thermo Funding proposes that~~ all such dispositive motions must be filed no later than June 30, 2014. Thales will supply its pre-trial order matters to Thermo Funding within fourteen (14) days following the Court's ruling on all dispositive motions or fourteen (14) days following the deadline for dispositive motions if

4

no dispositive motions are filed. Thermo Funding will supply its pre-trial order matters to Thales within seven (7) days following the receipt of Thales' pre-trial order matters.

(f) *Submission of Pretrial Order and Trial Briefs*: The parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed *voir dire* questions and proposed jury instructions, for a jury trial, within twenty-eight (28) days following the Court's ruling on all dispositive motions or twenty-eight (28) days following the deadline for dispositive motions if no dispositive motions are filed.

(g) *Final Pretrial Conference:* The final pre-trial conference pursuant to Fed. R. Civ. P. 16(d) shall be held on __May 22 at 4.30__.

### (5) Statement of Any Limitations Placed on Discovery

The parties intend to negotiate and submit a proposed protective order for the Court's approval.

### (6) Statement of Any Discovery Issues

The parties are not aware of any discovery issues at this time.

### (7) Anticipated Fields of Expert Testimony

The parties do not anticipate any expert testimony.

### (8) Anticipated Length of Trial and Whether To Court or Jury

5

Thales believes that trial should last one and no more than two days in all events. Thermo Funding believes that trial would last two to three days. Defendant Thermo Funding has requested a trial by jury.

(9) **Amendment of Scheduling Order**

This Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires.

(10) **Names, Addresses, Phone Numbers and Signatures of Counsel**

| FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP | TAFT STETTINIUS & HOLLISTER LLP |
|---|---|
| Elliot E. Polebaum<br>Eugene N. Hansen (*pro hac vice*)<br>801 17th Street NW<br>Washington, DC 20006<br>Tel: 202-639-7000<br>Fax: 202-639-7003<br>elliot.polebaum@friedfrank.com<br>eugene.hansen@friedfrank.com | Gerald S. Greenberg<br>Trenton A. Hamilton (*pro hac vice*)<br>425 Walnut Street, Ste. 1800<br>Cincinnati, OH 45202<br>Tel: 513-357-2838<br>Fax: 513.381.0205<br>greenberg@taftlaw.com<br>thamilton@taftlaw.com |

SO ORDERED:

The Hon. Shira A. Scheindlin
United States District Judge

12/2/13

6

**Fried, Frank, Harris, Shriver & Jacobson LLP**
801 17th Street, NW
Washington, DC 20006
Tel: 202.639.7000
Fax: 202.639.7003
Group 4 Faxes Only: 202.639.6028
www.friedfrank.com

# FAX COVER SHEET

**FRIED FRANK**

**Date:**         December 2, 2013

**From:**         Eugene Hansen

**Sender's Phone:**   202.639.7375

**Sender's Fax**      202.639.7003

**Sender's Email:**   Eugene.Hansen@ffhsj.com

**Number of Pages** (including cover sheet): **8**

| **Recipient** | **Company** | **Fax No.** |
|---|---|---|
| The Honorable Shira A. Scheindlin | USDC/SDNY | 212-805-7920 |

**Comments**

Please see the attached letter.

If you have any problems receiving this transmission, please contact us at 202.639.7125.

*******************************************

Pursuant to U.S. Treasury Department Circular 230, we are informing you that any U.S. federal tax advice contained in this communication (including any attachments hereto) was not intended or written to be used, and it cannot be used, by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. In addition, if any such tax advice is used or referred to by others in promoting, marketing or recommending any partnership or other entity, investment plan or arrangement (which should be assumed to be the case by a taxpayer that is not our client with respect to the subject matter of the communication), then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

**Confidentiality Notice:**
The information contained in this facsimile message may be legally privileged and confidential. It is intended only for the use of the addressee named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this telecopy is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone and return the original message to us at the address above via the United States Postal Service. We will reimburse any costs you incur in notifying us and returning the message to us. Thank you.

A Delaware Limited Liability Partnership
New York • Washington • London • Paris • Frankfurt • Hong Kong • Shanghai

Telecopy Operator Information Only
Time Started _____   Operator Initials _____